**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
------------------------------------------------

LEROY WILLIAMS,

                              Plaintiff,

    - v -                                          Civ. No. 9:08-CV-880
                                                        (TJM/RFT)

D. DROWN, *Civilian Hearing Officer, Clinton Correctional Facility*,

                              Defendant.
------------------------------------------------

**APPEARANCES:**                                **OF COUNSEL:**

LEROY WILLIAMS
96-A-6591
Plaintiff, *Pro Se*
Auburn Correctional Facility
135 State Street
Box 618
Auburn, New York 13021

HON. ANDREW M. CUOMO                    DEAN J. HIGGINS, ESQ.
Attorney General of the State of New York     Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

     *Pro se* Plaintiff Leroy Williams brings this civil rights Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendant C. Drown violated his constitutional due process rights when he presided over a Tier III Disciplinary Hearing conducted at Clinton Correctional Facility on March 29, 2005. Additionally, affording a liberal construction of Plaintiff's claims, it appears that Plaintiff challenges the conditions of his confinement in a special housing unit (SHU) at Upstate Correctional Facility, stemming from the disciplinary sentence doled out by Drown, as violating the Eighth Amendment.

     Currently pending is Defendant's Motion for Summary Judgment, Dkt. No. 24, and

Plaintiff's Cross-Motion for Summary Judgment, Dkt. Nos. 29-30. For the reasons stated below we recommend **granting** Defendant's Motion for Summary Judgment and **denying** Plaintiff's Cross-Motion for Summary Judgment.

## I. MATERIAL FACTS[1]

At all times relevant to the events complained of in this action, Williams was an inmate in the custody of the New York State Department of Correctional Services. Dkt. No. 24-1, Def.'s 7.1 Statement at ¶ 1. In March 2005, Plaintiff was incarcerated at Clinton Correctional Facility. *Id*. After conducting a security investigation, Sergeant Douglas[2] identified Williams as the author of two anonymous letters that had been sent to Nancy Ratcliff, a civilian Inmate Grievance Program Supervisor. *Id*. at ¶ 3. The letters described sexual acts and contained solicitations for sexual acts. *Id*. at ¶ 4. As a result of the investigation, Sergeant Douglas issued Plaintiff a misbehavior report charging him with violating prison rules 101.10[3] (soliciting sexual act) and 107.11 (harassment). *Id*. at ¶ 2.

On March 29, 2005, a Tier III Disciplinary Hearing commenced with Defendant Drown presiding as Hearing Officer. *Id*. at ¶ 8. Williams pled "not guilty" to the charges. *Id*. at ¶ 10. On that same date, Defendant Drown found Plaintiff guilty of violating rules 101.10 (soliciting a sexual act) and 107.11 (harassment), and imposed a penalty of thirty (30) months in SHU with corresponding loss of privileges. *Id*. at ¶ 19. Plaintiff administratively appealed the decision, and

---

[1] Unless otherwise indicated, there exists no real dispute as to the relevant material facts.

[2] Sergeant Douglas is not named as a Defendant in this action.

[3] There appears to be some confusion over which sexual act disciplinary rule Plaintiff was found to have violated. Defendant cites to prison rule 102.1, while Plaintiff cites to prison rule 101.10. *Compare* Def.'s 7.1 Statement at ¶ 17 with Dkt. No. 30, Pl.'s 7.1 Statement at ¶ 17. After reviewing the Disciplinary Packet provided by Defendant, we find that Plaintiff's citation is correct. Dkt. No. 24-2, Dean J. Higgins, Esq., Decl., dated Oct. 23, 2009, Ex. B.

the determination was reduced to fifteen (15) months in SHU with corresponding loss of privileges. *Id*. at ¶ 20. Thereafter, Plaintiff commenced an Article 78 proceeding in state supreme court challenging Defendant Drown's decision and the hearing procedures; both the hearing procedures and decision, as amended, were upheld. *Id*. at ¶¶ 22 & 27. Plaintiff filed the instant action on August 18, 2008. Dkt. No. 1, Compl.

## II. DISCUSSION

### A. Standard of Review

Pursuant to FED. R. CIV. P. 56(c), summary judgment is appropriate only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must "set forth specific facts showing [that there is] a genuine issue for trial," and cannot rest "merely on allegations or denials" of the facts submitted by the movant. FED. R. CIV. P. 56(e); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is

carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, mere conclusory allegations, unsupported by the record, are insufficient to defeat a motion for summary judgment. *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991).

When considering cross-motions for summary judgment, a court "must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Hotel Employees & Rest. Employees Union, Local 100 of N.Y. v. City of N.Y. Dep't of Parks & Recreation*, 311 F.3d 534, 543 (2d Cir. 2002) (quoting *Heublein, Inc. v. United States*, 996 F.2d 1455, 1461 (2d Cir. 1993)). "[N]either side is barred from asserting that there are issues of fact, sufficient to prevent the entry of judgment, as a matter of law, against it . . . [and] a district court is not required to grant judgment as a matter of law for one side or the other." *Heublein, Inc. v. United States*, 996 F.2d at 1461.

### B. Statute of Limitations

In § 1983 actions, the applicable statute of limitations is a state's "general or residual statute for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002). In New York, a three-year statute of limitations applies for personal injury actions, and thus to § 1983 actions as well. *Id.*; *see also* N.Y.C.P.L.R. § 214(5). "While state law supplies the statute of limitations for claims under § 1983, federal law determines when a federal claim accrues. The claim

accrues when the plaintiff knows or has reason to know of the harm." *Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001) (citation omitted).

In the instant action, two categories of constitutional harm are alleged. The first category concerns due process violations that allegedly occurred at Clinton during the Tier III Disciplinary Hearing conducted by Defendant Drown. The second category concerns the conditions of SHU confinement, stemming from Drown's disciplinary sentence. It appears from the submissions that the purported Eighth Amendment violations occurred at Upstate Correctional Facility. *See* Dkt. No. 29-1 at p. 17 (detailing the various conditions Plaintiff was subjected to at Upstate); *see also* Dkt. No. 24-11, Norman Bezio Decl., dated Oct. 23, 2009, at ¶ 6 (noting that Plaintiff served his disciplinary sentence in Upstate SHU).

As to the first category, it is undisputed that the Disciplinary Hearing at issue commenced on March 29, 2005, with a disposition rendered that same date. The instant action, initiated on August 18, 2008, was clearly brought more than three years after the Disciplinary Hearing was held. Plaintiff offers no explanation for his delay in bringing this action. Instead, he merely states that he "became aware of violation [sic] at the same time his exhaustion of remedies ran out." This incoherent defense is insufficient to solicit a tolling defense. We therefore find that his due process allegations are time-barred.

As for allegations concerning the conditions of his confinement in Upstate SHU, we find that Plaintiff has failed to allege any personal involvement on Defendant Drown's behalf. "[I]t is well settled that to state a civil rights claim under § 1983, a complaint must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983." *Alfaro*

*Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir. 1987) (citations omitted).  According to a Declaration submitted by Norman Bezio, Director of DOCS Special Housing, Mr. Drown "had no responsibility for any part of the conditions in SHU while [Plaintiff] was so incarcerated. . . . The conditions in SHU were managed and controlled by the staff and administration at Upstate Correctional Facility."  Bezio Decl. at ¶ 8.  Accordingly, such claim should be dismissed as well.

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant's Motion for Summary Judgment (Dkt. No. 24) be **granted** and Plaintiff's Cross-Motion for Summary Judgment (Dkt. No. 29) be **denied**, and this entire action be **dismissed** as time-barred and for lack of personal involvement; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date: July 26, 2010
      Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge